UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

SHANNON MULDROW,

PLAINTIFF,

    V.

MERRICK GARLAND, ATTORNEY GENERAL
OF THE UNITED STATES, NAMED IN HIS
OFFICIAL CAPACITY, AND HEAD OF THE       CIV. ACT. NO.: 20-2958AMP)
DEPARTMENT OF JUSTICE,

AND

U.S. DEPARTMENT OF JUSTICE,

DEFENDANT.
_____

## **PLAINTIFF'S MOTION TO CONDUCT LIMITED VENUE DISCOVERY AND LEAVE TO FILE A SURREPLY**

COMES NOW, Shannon Muldrow, (hereinafter Plaintiff) by and through counsel, and respectfully moves this Court for leave to conduct limited discovery on the issue of venue and leave to submit a surreply following limited discovery based on new arguments and factual claims made by Defendant in Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Transfer Venue. Plaintiff seeks leave for limited discovery and to file a surreply to allow her to address the new arguments made in the Reply and the new declarations and other evidence selectively submitted by Defendant in support of its Reply. These arguments and claims did not appear in the Defendant's past brief, and, therefore, Plaintiff has been unable to respond. Plaintiff seeks leave to conduct limited venue discovery to file a surreply addressing the new and disputed issues of fact in the Defendant's Reply.

**I. MOTION TO CONDUCT LIMITED VENUE DISCOVERY**

Venue discovery is appropriate when there is a genuine dispute of material fact over whether the plaintiff's choice of venue, in this case the District Court for the District of Columbia, (D.D.C.), is proper, and can be sought by plaintiff in response to a motion from defendant. *See*, e.g., *Estate of Abyan v. Blackwater Lodge and Training Center*, 611 F.Supp.2d 1, 11 (D.D.C. 2009) (allowing the process of venue discovery to begin once plaintiffs properly file). The Supreme Court has given District Courts wide discretion in determining whether to allow venue discovery, and this district provides for allowing venue discovery wholly separate from discovery on the merits. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) ("Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues … [n]or is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.") The issues of material fact in this case were introduced by the Defendant, which is a common way to begin venue discovery. *See*, e.g., *Genentech, Inc. v. Eli Lilly and Company*, 2019 WL 1923087 (S.D.Cal., 2019) (defendant filed motion to dismiss for lack of jurisdiction in chosen venue, plaintiff sought and was granted venue discovery in response); *Kuehne Chemical Co., Inc. v. Axed Intern., Inc.,* 2015 WL 1208379 (D.N.J., 2015) (dispute over where a contract was formed could only be resolved by venue discovery; defendant introduced the contention).

The issues of material fact raised by the FBI regarding venue include the following: To what extent personnel involved in the District of Columbia were involved in Event 1; whether the disparate impact theory applies to Events 1, 2, and 10; the relevance and discoverability on the merits of the FBI's diversity statements; the relevance of statements by former Human

Resource Division (HRD) Assistant Directors (ADs) Schlendorf and Temin; the relevance of Special Agent Mid-Level Management (SAMMS) revisions; the location of the alleged unlawful employment practices; the location of relevant employment and personnel records; and the relevance to the allegations of the actions of FBI personnel in the District of Columbia such as members of the HRD.

Due to these issues of material fact that have yet to be resolved Plaintiff asks that this Court allow the process of venue discovery to begin as soon as possible; discovery on the merits would follow once the proper venue has been established.

Because the Defendant has had the opportunity to draft a self-serving declaration that oddly supports, in part, Plaintiff's argument, it has had the opportunity to cherry-pick certain emails regarding Plaintiff's non-selections. However, Plaintiff has not had the opportunity to request through discovery emails that may be to the contrary. This one-sided selection of evidence should be qualified by permitting Plaintiff to seek limited discovery as well. Accordingly, Plaintiff seeks limited discovery as to venue by requesting production of correspondence relating to the non-selections between HRD and the Tampa Field Office, a 30(b)(6) deposition of HRD, and the depositions of ADs Temin and Schlendorf.

## II. MOTION FOR LEAVE TO FILE A SURREPLY

"The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). Plaintiff satisfies this standard because the Reply presents several matters for the first time, argues new factual declarations that plaintiff disputes, and seeks to brief a Motion to Dismiss for the first

3

time. In this Circuit, "district court[s] routinely grant [] such motions" when this standard is satisfied. *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003).

The Defendant in its Reply argues new information that key events and statements by personnel in DC, those that link this case to DC instead of Florida, are either irrelevant, vulnerable to dismissal or resolution before discovery on the merits can begin, or do not connect this case to DC at all. However, the Defendant has chosen not to file a Motion to Dismiss on the pleadings but seeks to argue a Motion to Dismiss in its Reply to the Plaintiff's Opposition to its Motion to Transfer Venue for the first time. Specifically, the Defendant newly argues that Event 12, representing the FBI's failure to adjudicate Plaintiff's appeal of Event 1, which involved the non-selection of Plaintiff for a Supervisory Special Agent Position, should be disregarded as a reason to conduct discovery in DC. *See* The Reply at 4-6. The FBI also argues that the disparate impact theory does not apply to events 1, 2, or 10, and that ASAC Rehler, or anyone in the HRD in DC, had no active involvement with Event 1; these are arguments which the Defendant failed to mention in any previous memoranda. *See Id. at* 7-8.

Defendant' argues from its new Declaration by HR Specialist Edmund Fuerst that the HRD has a limited role in field office promotions, but nonetheless states that:

"The Mid-Level Leadership Selection Unit reviews the Local Career Board's results document, the chairperson's final matrix, and the SAC's recommendation to ensure adherence to all policies. *Id*. at § 5.2.2.10 ("Reporting LCB Results") The Mid-Level Leadership Selection Unit then forwards the documentation to the SAMMS Board members. *Id*. at § 5.2.3.2 ("MLSU Review").

The SAMMS Board reviews the qualifications of the candidates and makes selections based on the FBI's needs in conjunction with the candidates' qualifications. *Id*. at § 5.2.4.2. ("Non-ASAC SAMMS Board Review and Selection").

By delegation from the Director of the FBI, the SAMMS Board is authorized to make the final decision on all GS-14 and GS-15 SAMMS positions, with certain exceptions. *Id*. The Assistant Director of Human Resources Division is not typically involved in the selection process. The Assistant Director of Human Resources Division was not directly involved in any of the non-selections that Plaintiff challenges in this action."

Def. Exhibit 7 at ¶¶17-19.

First, the September 17, 2020, SAMMS policy at 2.1.1. Leadership Selection Unit (LSU) reads as follows:

"The mission of LSU is to facilitate the selection of the best first- and second-line FBI leaders from the qualified pools. LSU provides administrative support to ensure that the FBI operates effective, fair, and efficient midlevel management selection systems." LSU must:

- Identify and furnish the Federal Bureau of Investigation Headquarters (FBIHQ) and field office (FO) career boards the names of SAs who meet the minimum eligibility requirements for promotion.
- **Oversee the selection processes** for the field and FBIHQ divisions.
- Provide administrative support for the Special Agent Midlevel Management Selection (SAMMS) Boards.
- Process promotions.
- Provide counseling and feedback to candidates."

(Emphasis added)

These statements directly contradict the position that Defendant is taking. Accordingly, Plaintiff needs to depose HRD officials that can explain the paragraphs above considering the Defendant's arguments. Accordingly, the role of HRD in this case involves disputed issues of fact upon which Plaintiff needs discovery.

Additionally, the Defendant works hard to discredit its own AD Schlendorf's statements about the adverse impact of the stationery/nonstationary policy by arguing that the quotes were taken out of context and not accurate. Likewise, the government attacks the accuracy of quotes by HRD AD Temin from an FBI article that mobility within the FBI has adversely affected promotion of female agents (one of Plaintiff's allegations). The government argues that Plaintiff should have submitted a transcript of AD Temin's statements - an impossible burden or standard

5

at the complaint stage. However, allowing limited venue discovery will provide the clarity that the government demands. These statements by ADs Schlendorf and Temin constitute disputed issues of fact for which Plaintiff needs discovery.

### III. COMPLIANCE WITH LCvR 7(m)

In compliance with Local Civil Rule 7(m), Plaintiff has conferred with counsel for the government who advised that the Defendant opposes the relief sought by Plaintiff in this motion.

### IV. CONCLUSION

WHEREFORE, Plaintiff proposes the following limited discovery:

1. Production of correspondence relating to the non-selections between HRD and the Tampa Field Office;
2. A 30(b)(6) deposition of HRD; and
3. The depositions of ADs Temin and Schlendorf.

Plaintiff then asks the Court to allow a surreply after this discovery is completed to address these new factual issues.

This 29th day of July 2021.

Respectfully submitted,

/s/ David J. Shaffer, Esq.
David J. Shaffer, Esq.

/s/ Kelley Brooks Simoneaux, Esq.
Kelley Brooks Simoneaux, Esq.

**DAVID SHAFFER LAW, PLLC**
1629 K Street NW, Suite #300
Washington, DC 20006
Telephone: 202.508.1490
David.Shaffer@davidshafferlaw.com
Kelley.Simoneaux@davidshafferlaw.com
*Attorneys for Complainant*